**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**


Bobby S. Coleman,                                    :        Case No. 3:08CV2854

    Plaintiff,                                          :

            vs.                                    :        **MAGISTRATE'S REPORT
                                                                 AND RECOMMENDATION**

Commissioner of Social Security Administration,    :

    Defendant.                                         :


Plaintiff seeks judicial review of the Administrative Law Judge's (ALJ) dismissal of his request

for an administrative hearing on the continuation of Supplemental Social Security Income (SSI) benefits

awarded pursuant to Title XVI of the Social Security Act (the Act).  Pending is Defendant's Motion to

Dismiss (Docket No. 11), Plaintiff's Opposition (Docket No. 13) and Defendant's Reply (Docket No.

16).  For the reasons that follow, the Magistrate recommends that the Court deny the Motion to Dismiss.

### I.  PROCEDURAL BACKGROUND

On May 10, 2007, a notice to stop payments of SSI payments beginning on June 1, 2007, was

mailed to Plaintiff in Milwaukee, Wisconsin (Docket No. 13, Plaintiff's Exhibit #1).  On May 18, 2007,

Plaintiff's Counsel filed, by facsimile, a request for an informal conference accompanied by a request

for reconsideration (Docket No. 13, Plaintiff's Exhibit # 2).  The request for reconsideration was denied

on May 21, 2007 (Docket No. 13, Plaintiff's Exhibit #3).

On May 25, 2007, Plaintiff's counsel lodged an objection to the Social Security Administration's

(SSA) failure to conduct an informal conference or grant the request for reconsideration (Docket No. 13,

Plaintiff's Exhibit #4).  An informal conference was conducted and the SSA denied Plaintiff's request

for reconsideration on July 6, 2007 (Docket No. 13, Plaintiff's Exhibit #5).  Plaintiff's counsel requested

a hearing before an ALJ on July 12, 2007[1] (Docket No. 11, Declaration of Howard Kelly, ¶(3)(a); Docket

No. 13, Plaintiff's Exhibit #6).

SSA forwarded a notice of hearing on April 2, 2008.  Administrative Law Judge John L. Shailer

convened a hearing on June 18, 2008.  Neither Plaintiff nor his counsel were served with notice of the

hearing (Docket No. 13, Plaintiff's Exhibit #8, p. 24/39, ¶ 3).  Neither Plaintiff nor his counsel appeared

at this hearing (Docket No. 13, Plaintiff's Exhibit 7).  On June 24, 2008, notices to show cause for failure

to appear were mailed to Plaintiff and his counsel (Docket No. 13, Plaintiff's Exhibit #7).  Plaintiff's

counsel filed an answer to the notice to show cause and affidavits of Daisy Coleman and counsel (Docket

No. 13, Plaintiff's Exhibit #8).

Plaintiff's case was dismissed on July 8, 2008, rendering the decision of dismissal as the final

decision of the Commissioner (Docket No. 11, Declaration of Howard Kelly, ¶(3)(a); Docket No. 13,

Plaintiff's Exhibit #9 and Exhibit #1).  On August 28, 2009, Plaintiff proffered to the Appeals Council,

a request for review and/or an order to vacate the July 8, 2008, order of dismissal (Docket No. 11,

---

[1]

On or about December 3, 2007, Plaintiff was incarcerated.  He was slated for release in September 2008 (Docket No. 13, Plaintiff's Exhibit #8, p. 23/39, ¶ 2).  Plaintiff's mother, Daisy Coleman, submitted a "change of address card" for Plaintiff to the United States Postmaster on or about December 3, 2007 (Docket No. 13, Plaintiff's Exhibit #8, p. 23/39, ¶ 3).

Declaration of Howard Kelly, ¶(3)(b); Docket No. 13, Plaintiff's Exhibit #10).  The Appeals Council denied Plaintiff's request for review on or about October 10, 2008 (Docket No. 11, Declaration of Howard Kelly, ¶(3)(c) Docket No. 13, Plaintiff's Exhibit #11).  Plaintiff filed a complaint against the Commissioner on December 4, 2008 (Docket No. 1).  Defendant filed a Motion to Dismiss.

## II.  MOTION TO DISMISS STANDARD

The Commissioner argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.  Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss.  *Hart v. United States*, 291 F. Supp.2d 635, 642 (N. D. Ohio2003) (*citing* FED. R. CIV. P. 12(b)(1)).  When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id.* (*citing Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990)).  The party needs only show that the complaint alleges a substantial claim under federal law.  *Id.*

In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction.  *Id.* (*citing Nichols v. Muskingum College,* 318 F.3d 674, 677 (6th Cir. 2003) (*citing Rogers v. Stratton Industries,* 798 F.2d 913, 916 (6th Cir. 1986)).  However, where a defendant argues that the plaintiff has not alleged sufficient facts in his/her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.  *Id.*

## III.  DISCUSSION

Defendant claims that the dismissal of Plaintiff's claim constitutes the final action of the Commissioner, not the final decision of the Commissioner of Social Security made after an

administrative hearing.  Consequently, this Court does not have subject matter jurisdiction to review the

ALJ's dismissal.  Judicial review is not authorized under 42 U. S. C. § 405(g)[2].

Plaintiff concedes that a final decision after an administrative hearing is subject to judicial review

as provided in Section 405(g); however, the final decision in this case is a nullity as neither Plaintiff nor

his counsel were provided notice of the administrative hearing in violation of the procedural due process

clause of the Fifth Amendment.  Plaintiff contends that this Court does have subject matter jurisdiction

to address the deprivation of his constitutional rights.

The United States Supreme Court in *Califano v Sanders,* 97 S. Ct. 980, 986 (1977), addressed the

issue of whether the portion of 42 U. S.C. § 405(g) that authorizes any individual, after any final decision

of the Secretary made after a hearing to which the individual was a party, to obtain a review of such

decision by a civil action, could be construed to authorize judicial review of a final decision of the

Secretary not to reopen a prior claim for Social Security benefits.  The Court concluded that judicial

review was not available; therefore, a petition to reopen a prior final decision could be denied without

hearing.  *Id*.

However, the Supreme Court presumed judicial review when constitutional questions were at

issue, rationalizing that constitutional questions are unsuited to resolution in administrative hearing

procedures.  *Id*.  Therefore, access to the courts is essential to the decision of such questions since actions

against the Secretary based on federal question jurisdiction are expressly precluded by 42 U.S.C.A. §

---

[2]

Any individual, after any **final decision of the Commissioner of Social Security made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . the court shall review only the question of conformity with such regulations and the validity of such regulations. . . . .

42 U.S.C.A. § 405 (g) (Thomson Reuters/West 2009).

405(h).  *Id.*  A decision denying Section 405(g) jurisdiction would effectively close the federal forum to

the adjudication of "colorable constitutional claims."  *Id.*

"Procedural due process imposes constraints on governmental decisions which deprive

individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth

or Fourteenth Amendment."  *Mathews v. Eldridge*, 96 S. Ct. 893, 901 (1976).  An individual's interest

in the continued receipt of social security benefits is a statutorily created property interest protected by

the Due Process Clause of the Fifth Amendment.  *Id.* (citations omitted).

The social security regulations contemplate administrative hearings that satisfy procedural due

process requirements.  Regulations set forth at 20 C. F. R. § 416.1438 provide, in pertinent part:

> (*a) Issuing the notice*.  After the administrative law judge sets the time and place of the
> hearing, we will mail notice of the hearing to you at your last known address, or give the
> notice to you by personal service, unless you have indicated in writing that you do not
> wish to receive this notice.  The notice will be mailed or served at least 20 days before the
> hearing.
>
> * * * * * *
>
> *(c) Acknowledging the notice of hearing*.  The notice of hearing will ask you to return a
> form to let us know that you received the notice.  If you or your representative do not
> acknowledge receipt of the notice of hearing, we will attempt to contact you for an
> explanation.  If you tell us that you did not receive the notice of hearing, an amended
> notice will be sent to you by certified mail.
>
> 20 C. F. R. § 416.1438 (Thomson Reuters 2009).

Applying these principles to the instant case, Plaintiff had a due process right to effective notice

concerning cessation of his social security benefits; therefore, he also has a constitutionally protected

right to due process in the determination of whether he received effective notice.  Based on the record

evidence, it appears that the notice announcing the June 18, 2008, hearing was undeliverable.  The

Commissioner failed to produce evidence of the "return form" completed by Plaintiff or his counsel

pertaining to their receipt of the notice.  Additionally, the Commissioner failed to submit any telephone log notes or mail of the SSA reflecting that Plaintiff or his counsel had been "contacted" by the SSA for an explanation.  Finally, the Commissioner failed to produce a copy of an amended notice that was sent by certified mail.  As such, Plaintiff has sufficiently established a colorable constitutional claim that his right to due process of law was violated which gives this Court subject matter jurisdiction and subjects this matter to judicial review.

## IV. CONCLUSION

For these reasons, the Magistrate recommends that the Court:  (1) deny the Motion to Dismiss; (2) remand the case to the Commissioner with instructions to (a) reopen the case, (b) serve Plaintiff and his counsel with notice of the hearing consistent with the regulations, (c) consider the substantive merits of the cessation of benefits; and (d) serve Plaintiff and his counsel with the determination on continued benefits consistent with the regulations; and (3) terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:    October 6, 2009

## V.  NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation.

A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.